JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 50327 | DATE | 8/3/2004 |
| CASE TITLE | United States vs. Malone | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated on the reverse memorandum opinion and order, the court dismisses Malone's § 2255 motion.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | 8-3-04 date docketed | 3 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 8-3-04 date mailed notice | |
| LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Deetreca Faye Malone, a federal prisoner, filed a pro se "motion" in which she sought a "sentence reduction" because her trial attorney failed to advise her of a potential four- level increase in her sentence based on U.S.S.G. § 2K2.1(b)(5). Because Malone's motion was the functional equivalent of one under 28 U.S.C. § 2255, this court, in an order dated July 1, 2004, gave Malone the option of withdrawing or amending the motion. Malone, in turn, filed an amended motion pursuant to § 2255 in which she added a claim challenging her sentence under Blakely v. Washington, 124 S. Ct. 2531 (2004).

Recognizing that her motion is untimely under paragraph 6 of § 2255, Malone asserts as to her ineffective assistance of counsel claim that "for the last 24 months [she] has been housed in a state prison [and she] wasn't able to get in the law library." As for the untimeliness of her Blakely claim, Malone contends that she should be excused because of the novelty of the ruling in Blakely.

Paragraph 6 of § 2255 creates a one-year statute of limitations for a motion filed under § 2255. The one- year period is measured from the date on which the judgment of conviction becomes final unless one of the other enumerated grounds extends the one- year period.

Here, the original motion was filed over one year after the date on which Malone's judgment became final and none of the grounds for extension are applicable. An inability to access the law library because she was in state prison, standing alone, does not fit within any of the extension provisions of paragraph 6 nor in any other way justifies excusing the one- year limitations period.

As for her Blakely claim, while the right recognized in that case is arguably a new one, the Supreme Court has not made it retroactive to cases on collateral review as required by paragraph 6, section 3 of § 2255. Thus, Malone's Blakely claim is also untimely. Nor will it likely be given retroactive effect. See Shriro v. Summerlin, 124 S. Ct. 2519 (2004).

For the foregoing reasons, the court dismisses Malone's § 2255 motion.